Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
*Attorneys for Plaintiff*
(516) 328-2300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

PROFESSIONAL FIGHTERS LEAGUE, LLC,

               Plaintiff,

       -against-

WESTGATE MARKETING, LLC,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    x

:  Civil Action No.

:

:  **COMPLAINT**

:

:

:

       Plaintiff, Professional Fighters League, LLC, by and through its attorneys, Abrams Fensterman, LLP, brings this Complaint against Defendant Westgate Marketing, LLC, hereby alleges:

**PARTIES**

       1.     Plaintiff Professional Fighters League, LLC ("PFL") is now, and at all times mentioned, was a limited liability company organized and existing under the laws of the State of New York, and having its principal office located at 19 Union Square West, 9th Floor, New York, New York 10003.

       2.     Upon information and belief, Defendant Westgate Marketing, LLC ("Westgate") is now, and at all times mentioned was a limited liability company with its principal place of business located at 5601 Windhover Drive, Orlando, Florida 32819. Additionally, Westgate lists a contact

address in the notice provision of the relevant contract at 201 E. Pine Street, Suite 500, Orlando, Florida 32801, c/o Greenspoon Marder.

## JURISDICTION AND VENUE

3.      Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §1332 insofar as the matter in controversy exceeds the sum of $75,000, and that the members of each of the respective parties are citizens of different states, and/or subjects of a foreign states.

4.      In that regard, the sole member of Plaintiff is a C-Corp. whose shareholders reside all over the world. The sole member of Plaintiff is named PFL MMA, Inc. It is a corporation, that is incorporated in the State of Delaware, and has its principal place of business in New York.

5.      Upon information and belief, Defendant is a corporation that was incorporated in the State of Florida. Upon information and belief, the member(s) of Defendant reside in Florida.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) whereas the vast majority of the acts relevant to the controversy at issue were carried out within the Southern District of New York.

7.      At all relevant times, Defendant has engaged in purposeful acts in New York by soliciting business from, and submitting payments to Plaintiff whose principal place of business is located at 320 West 37th Street, New York, New York 10018.

8.      Defendant's activities in and contacts with New York were purposefully sought and transacted to take advantage of the benefits available under New York Law. Indeed, the parties contracted via choice of law provision, to litigate any issue that arises under the agreement in the courts of New York, and under New York law.

**FACTUAL BACKGROUND**

9.      On or about October 30, 2023, the parties executed a Sponsorship Agreement (the "Agreement") in which, *inter alia*, Westgate contracted to pay PFL for the provision of promotional and sponsorship benefits on various PFL platforms.

10.      The assets sold by the PFL to Westgate pursuant to such Agreement were exclusive season-based properties that, once sold, would be very difficult to re-sell at any point during the term of the Agreement.

11.      Pursuant to the Agreement, the term of the relationship was to commence March 1, 2024, continued in effect through December 31, 2026.

12.      In consideration for the sponsorships, Westgate was to pay PFL varying payments in installments twice a year (once in March and once in July), for each year of the Agreement for an aggregate amount of $1,800,000.00. The payments escalated from a cumulative amount of $300,000 owed over the first year of the term of the Agreement, to $600,000.00 in the second year and, finally, $900,000.00 in the third year.

13.      In or about March 2024, Westgate paid the first installment of the first year of the term of the Agreement in the amount of $150,000.00.

14.      Westgate however, failed to make payment on the second installment of the first year of the term of the Agreement, notwithstanding due demand for same.

15.      When pressed for payment, Westgate responded with a written notice of termination, dated July 9, 2024, sent to the PFL stating that they were repudiating the Agreement prior to its conclusion because Westgate was "not in a position to proceed."

16.      The PFL rejected the unilateral notice of termination, by letter dated July 15, 2024, and stated that it would continue performing under the Agreement. The PFL further indicated in

the Agreement that it expected Westgate to continue performing pursuant to the Agreement as well

insofar as the unilateral termination was improper, and, as such, not accepted by the PFL.

17.    Subsequently, the parties conducted telephone conferences wherein the PFL

indicated that, not only was Westgate's repudiation of the Agreement improper, but that the PFL

could not resell the sponsorship assets that were sold to Westgate given the type of asset sold. As

such, the PFL reiterated to Westgate that the Agreement was in full effect, and that it expected the

parties to perform their obligations thereunder.

18.    Notwithstanding the representations made by the PFL, Westgate refused to

perform, and has ignored any further attempts by the PFL to address the situation.

19.    The PFL performed all of its obligations under the Agreement, but has not received

the requisite compensation under the Agreement, notwithstanding due demand from PFL to

Westgate.

### FIRST COUNT
### *(Breach of Contract)*

20.    PFL repeats and reiterates each and every allegation contained in paragraphs "1"

through "19" of this Complaint, as if more fully set forth at length hereat.

21.    The Sponsorship Agreement is a valid contract by and among the PFL and

Westgate.

22.    Westgate breached its responsibilities and obligations as it relates to same, by

failing to pay for services rendered by the PFL, and repudiating the Agreement prior to its

conclusion.

23.    Westgate's breaches have resulted in damages to the PFL totaling $1,650,000.00

plus a contractually obligated monthly late fee of 1.5% of the amount due and owing. Such late

fee can be calculated from July 1, 2024, at which time Westgate ceased making payments due and owing under the Agreement.

24.    By reason of the foregoing actions, the PFL has suffered damages.

**WHEREFORE**, the PFL demands judgment against Westgate, awarding:

a.    Compensatory damages;

b.    Pre and post judgment interest;

c.    Court costs and attorney's fees; and

d.    Costs and disbursements of this action, together with such other legal or equitable relief as this Court may deem just and proper.

Dated:  April 1, 2025

ABRAMS FENSTERMAN, LLP

By:_____*Alex Leibson*_____
          Alex Leibson
          3 Dakota Drive, Suite 300
          Lake Success, New York 11042
          aleibson@abramslaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all causes so triable.

ABRAMS FENSTERMAN, LLP

By:_____*Alex Leibson*_____
          Alex Leibson

Dated: April 1, 2025