UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROFESSIONAL FIGHTERS LEAGUE, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>-against-<br><br>WESTGATE MARKETING, LLC,<br><br>　　　　　　　　　Defendant. | 1:25-cv-02699 (ALC)<br><br>**ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

　　On April 1, 2025, this case was filed in federal court on the basis of diversity jurisdiction. ECF No. 1. The Complaint asserts that Plaintiff and Defendant are limited liability companies. *Id.* ¶¶ 1, 2. The Complaint asserts that Plaintiff was formed in the New York and that the "sole member of Plaintiff is . . . a corporation, that is incorporated in the State of Delaware, and has its principal place of business in New York." *Id.* ¶ 4. It also alleges that "Defendant is a corporation that was incorporated in the State of Florida," and that "the member(s) of Defendant reside in Florida." *Id.* ¶¶ 5.

　　This Court has an obligation to examine its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). For a court to exercise diversity jurisdiction, there must be complete diversity of citizenship between all plaintiffs and all defendants. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014). Moreover, "a limited liability company . . . takes the citizenship of each of its *members*." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (emphasis added).

　　"In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged." *United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408,

1

410 (E.D.N.Y. 2020); *see also Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 184 (E.D.N.Y. 2022) ("[O]ne simply cannot reach the legal conclusion of citizenship without knowing the name of or other information about the party in question."). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)), *cert. denied*, 140 S. Ct. 1117 (2020). Plaintiff did not provide the identity of Defendant's members.

The Court hereby **ORDERS** that on or before April 18, 2025, Plaintiff must show cause, by affidavit, why this case should not be dismissed for failure to plead subject matter jurisdiction. In particular, the affidavit must explicitly set forth the identities and state(s) of citizenship of each member of Defendant Westgate Marketing, LLC. If members are individuals, Plaintiff must provide their states of domicile. If members are corporations, Plaintiff must indicate all states of incorporation and the principal place of business for each corporation. If members include any limited liability company, Plaintiff shall provide the citizenship of each member of said limited liability company. Defendant may file a response on or before April 25, 2025.

All existing case deadlines are hereby **STAYED** pending the Court's determination on subject matter jurisdiction. If upon review of Plaintiff's affidavit the Court determines that it possesses subject matter jurisdiction, the action may proceed, and the Court will then set new case deadlines.

**SO ORDERED.**

**Dated:**   **New York, New York**
            **April 4, 2025**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**